[Civ. No. 2427.   First Appellate District.—June 4, 1918.]

## CLARENCE GRANGE, Respondent, v. AMERICAN NATIONAL BANK OF SAN FRANCISCO (a Corporation), Appellant.

CLAIM AND DELIVERY—VALUE OF SECURITIES—FINDING—APPEAL.—In an action in claim and delivery for the recovery of certain securities, the appellate court is concluded by the finding that the value of the securities is as alleged, no segregation of the different securities being made, and the appellant cannot take advantage of clerical error in the recital of the value of a portion thereof.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Jas. M. Troutt, Judge.

The facts are stated in the opinion of the court.

H. Clyde Harms, for Appellant.

R. P. Henshall, for Respondent.

THE COURT.—This is an action in claim and delivery brought for the recovery of certain securities.   Plaintiff had judgment for the delivery of the same, and in the event that such could not be had, then for the sum of $3,155, the alleged total value thereof.   The appeal is taken on the judgment-roll alone.

Appellant claims that the judgment should be reversed, for the reason that it does not clearly specify what is to be done.

There is no merit in the appeal.   The claimed uncertainty is based upon recitals with reference to the proceeds had from the sale of certain bonds which it was stipulated might be sold pending the litigation.   With this change the findings follow the complaint, and judgment is given for the return of the unsold specific personal property described therein, together with the sum of $1,764.33, the amount received from the sale of the bonds.   In case delivery of the specific personal property cannot be had, then the alternative portion of the judgment provides for an amount which constitutes the full value of the property sued for, included in which is the sum derived from the sale.   There is no uncertainty in the judgment.

Appellant further seeks to take advantage of a clerical error in the recital of the value of a portion of the securities sued for. The complaint recited that all of the securities were of the value of $3,155. The answer alleged their value to be not greater than the sum of two thousand dollars. The findings and judgment determine that the value of the personal property sued for is as alleged, no segregation of the different securities being made. On the question of value we are concluded by the finding.

Judgment affirmed.